**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| CARLOS ISRAEL PAREDES QUIROZ, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 25-13393-MJJ |
| ANTONE MONIZ, *et al.*, | ) | |
| Respondents. | ) | |

**MEMORANDUM OF DECISION**

August 27, 2026

JOUN, D.J.

Petitioner Carlos Israel Paredes Quiroz ("Petitioner") filed a petition for writ of habeas corpus challenging his immigration detention. *See* [Doc. No. 1]. This Court granted the petition and ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). *See* [Doc. No. 11]. Petitioner now seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). [Doc. No. 13]. For the reasons set forth below, the Court grants Petitioner's motion in part.

## I. BACKGROUND

Petitioner entered the United States in approximately 2024. [Doc. No. 1 at ¶ 1]. In October 2025, Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner. [*Id.* at ¶ 5]. Petitioner remained in detention at the Plymouth County Correctional Facility without a bond hearing. [*Id.*]. Petitioner filed a habeas petition on November 13, 2025, arguing that his ongoing detention without a bond hearing was unlawful. *See generally* [*id.*]. Respondents filed a response

on November 18, 2025, conceding "the legal issues presented in the Petition are similar to those recently addressed by this Court in *Hilario Rodriguez v. Moniz*." [Doc. No. 7 at 1]. Petitioner submitted a reply brief further requesting his immediate release, or in the alternative, a bond hearing. [Doc. No. 10 at 1]. The Court granted Petitioner's habeas petition and ordered Respondents to hold a bond hearing under 8 U.S.C. § 1226(a) within ten days of the order. [Doc. No. 11]. Respondents thereafter filed a status report confirming Petitioner received a bond hearing and was released. [Doc. No. 12]. Petitioner moved for attorney's fees under EAJA. [Doc. No. 13].

## II. LEGAL FRAMEWORK

EAJA provides "an exception to th[e] rule" that "each party is usually required to bear its own attorneys' fees." *Castaneda-Castillo v. Holder*, 723 F.3d 48, 56 (1st Cir. 2013). Specifically, EAJA mandates that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

## III. DISCUSSION

### A. Prevailing Party in a Civil Action

Respondents do not dispute that Petitioner was a "prevailing party" in this case, where the Court granted Petitioner's habeas petition and ordered a bond hearing. [Doc. No. 18 at 4]. Respondents argue, however, that habeas proceedings are not "civil actions" for the purposes of EAJA. [*Id.* at 5–9]. Respondents emphasize that "EAJA waives sovereign immunity only for a limited set of claims" and "the term 'civil action' is ambiguous as to whether it encompasses habeas petitions." [*Id.* at 6]. Because EAJA does not define "civil action," Respondents contend that any ambiguity—including whether habeas actions are "civil actions"—must be construed in

favor of the government. [*Id.*]. The Court has already addressed this argument and concluded that immigration habeas cases *are* civil actions for the purposes of EAJA, *Orellana-Serrano v. Hyde*, No. 25-12646, Doc. No. 30 at 2–3 (D. Mass. Aug. 21, 2026) and incorporates that same reasoning and conclusion here.

**B. Not Substantially Justified**

Respondents also contend that they were substantially justified both in detaining Petitioner in the first instance and in litigating the habeas petition at issue. [Doc. No. 18 at 9–13]. The First Circuit has explained that:

> It is well-settled that the government bears the burden of establishing that its position was substantially justified. The government needs to satisfy this burden by a preponderance of the evidence, and it must justify the positions it took both during the litigation and the agency proceedings that preceded that litigation. These positions must have a reasonable basis in both law and fact.

*Castaneda-Castillo*, 723 F.3d at 73 (citations omitted).

Here, Respondents' position did not have a "reasonable basis in . . . law." *Id*. In Respondents' own response to Petitioner's habeas petition, Respondents conceded that: "Respondents submit that the legal issues presented in the Petition are similar to those recently addressed by this Court in *Hilario Rodriguez v. Moniz*. Should the Court follow its reasoning in *Hilario Rodriguez*, it would reach the same result here." [Doc. No. 7 at 1].

Respondents cannot argue both that the issues in Petitioner's case were so directly parallel to those in *Hilario Rodriguez* as to justify submitting an abbreviated response to the petition, and that their opposition was substantially justified, notwithstanding multiple opinions from this district to the contrary. Those two positions do not square with one another. By the time Respondents asserted that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), several courts in this district, including this one, had repeatedly rejected that

argument. *See, e.g.*, *Hilario Rodriguez v. Moniz*, No. 25-12358, Doc. No. 22 (D. Mass. Sept. 18, 2025); *Inlago Tocagon v. Moniz*, 802 F. Supp. 3d 93, 98–99 (D. Mass. 2025); *see also Rocha v. Hyde*, No. 25-12584, 2025 WL 2807692, at *1 n.2 (D. Mass. Oct. 2, 2025) (collecting cases holding 8 U.S.C. § 1226(a) applies). I therefore am unpersuaded that Respondents "ha[d] a reasonable basis in law for the theories advanced." *United States v. Yoffe*, 775 F.2d 447, 450 (1st Cir. 1985).

**C. Calculation of Fees**

**1. <u>Sabrineh Ardalan</u>**

EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 8 U.S.C. § 2412(d)(2)(A). The First Circuit has previously approved using the Annual Consumer Price Index for all Urban Consumers ("CPI–U") to calculate cost-of-living adjustments, *see Castaneda-Castillo*, 723 F.3d at 76–77, as Petitioner suggests, [Doc. No. 13 at 15 n.7].[1] Based on the November 2025 CPI-U for the Boston region, Petitioner seeks $267.116 per hour for 17.5 hours, [Doc. No. 13 at 15 n.7]; [Doc. No. 23-1 at 16], for a total of $4,674.53. The Court finds this rate reasonable but agrees with the Government that Petitioner should not be awarded fees for an unnecessary reply brief. [Doc. No. 18 at 14–16]. In its response to the Petition, the Government conceded "the Court may resolve this Petition without further briefing or oral argument." [Doc No. 7 at 1]. The Court finds that the hours spent on the reply brief were "unproductive, excessive, or otherwise unnecessary," *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984), and

[1] The Court rejects Petitioner's reliance on the *Laffey* Matrix which, she acknowledges, [Doc. No. 13 at 12–15], is based upon rates in the District of Columbia and generally not used in this district. *See Sullivan v. Experian Info. Sols., Inc.*, No. 16-11719, 2022 WL 392848, at *9 n.24 (D. Mass. Feb. 9, 2022).

cuts Attorney Adralan's hours by six, the hours Attorney Adralan indicated she spent on the reply. *See* [Doc. No. 23-1 at ¶ 6].

Petitioner included an updated fee request in their reply brief to include hours spent on the attorney's fees motion and the reply, and the holding and discussion in *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 163–65 (1990) supports this position. *See* [Doc. No. 23-1]. The EAJA "may provide compensation for *all* aspects of fee litigation," as "Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute." *Jean*, 496 U.S. at 162, 166 (emphasis in original). Requiring the court to make a separate finding on the substantial justification of the Government's opposition to an EAJA fee request could lead to seemingly endless litigation, according to the Court. *Id.* at 163. I therefore conclude that the fee requests for hours spent on the attorney's fees motion and reply, which appear reasonable, are likewise recoverable. The Court thereby awards Attorney Adralan 11.5 hours at a rate of $267.116, for a total of $3,071.83.

**2. <u>Student Attorneys</u>**

Petitioner reasons that the student attorneys who worked under the supervision of Attorney Aradalan are also entitled to their $277 *Laffey* Matrix market rate because her expertise was critical to their work. [Doc. No. 13 at 15]. In total, Petitioner seeks $22,549.20 for 87.4 hours of student work. [Doc. No. 23-1 at 15]. In turn, the Government challenges both the rate and the hours spent on Petitioner's reply brief. [Doc. No. 18 at 16, 18]. It argues that the $277 rate should instead fall below the $100 law student and paralegal benchmark. [*Id.*]. This Court has already held whereas here, the record does not suggest that the student attorneys possessed specialized expertise or prior experience handling cases of this nature, it is appropriate to compensate them at a rate below that of experienced paralegals, rather than at prevailing market rates for attorneys. *Orellana-Serrano*

*v. Hyde*, No. 25-12646, Doc. No. 30 at 5 (D. Mass. Aug. 21, 2026) (citing *Cano v. Saul*, 505 F. Supp. 3d 20, 31 (D. Mass. 2020) (awarding student attorney fees at a rate of $75/hour)). As explained, *supra*, the Court will cut the student attorneys' time spent on the reply brief as unnecessary but will include hours spent on the fees motion and reply. However, as I held in *Orellana-Serrano v. Hyde*, No. 25-12646, Doc. No. 30 (D. Mass. Aug. 21, 2026), I will cut the students' hours in half. The Court therefore awards $75/hour for 34.65 hours of student attorney work, for a total of $2,598.75.

### 3. <u>Out-of-pocket Expenses</u>

Petitioner also seeks $661 in costs, which include filing fees, interpreter fees, and the costs associated with using Plymouth County Correctional Facility's JurisLink videoconferencing system. [Doc. No. 13-2 at ¶ 18]. The government does not make any specific arguments as to why Petitioner should not be awarded these expenses. *See* [Doc. No. 18]. This Court recently found costs like these are reasonable. *Orellana-Serrano v. Hyde*, No. 25-12646, Doc. No. 30 at 6 (D. Mass. Aug. 21, 2026). The Court thereby awards $661 in costs.

## IV. CONCLUSION

For these reasons, Petitioner's Motion for Attorney's Fees, [Doc. No. 13], is GRANTED in part, with the reductions noted above, for a total of $6,331.58.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge